UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTONIO BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 10-1227 (RJL) |
| COLUMBIA SUSSEX CORPORATION, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER
(August 24, 2010) [#7]

On February 2, 2010, plaintiff Antonio Brown ("plaintiff") filed a two-count complaint in the Superior Court of the District of Columbia alleging assault and battery and defamation and/or defamation per se. *See* Pl.'s Mot., Ex. C. Plaintiff requested compensatory damages of $50,000 and punitive damages of $50,000, in addition to any other appropriate relief, for each count. *Id.* The defendants were served on April 2, 2010. Superior Court Documents [Dkt. # 5]. On July 20, 2010, approximately 109 days after service, the defendants removed the action to this court, invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal [Dkt. #1]. Plaintiff now moves to remand this action back to Superior Court.

Removal statutes are to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *LaPoint v. Mid-Atlantic Settlement Servs.*, 256 F. Supp. 2d 1, 3 (D.D.C. 2003). To be timely, a defendant must file notice of removal within 30 days of service, or, if the initial pleading was not removable, within 30 days of receipt "of

1

a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). The defendants argue that they first learned this case was removable on July 8, 2010, when they received plaintiff's answers to their requests for admissions, in which he denied that his damages did not exceed $75,000. Def.'s Opp'n 4. However, plaintiff's initial complaint claimed $100,000 in compensatory damages and $100,000 in punitive damages. Even disregarding punitive damages—which "may generally be included when calculating the amount in controversy under 28 U.S.C. § 1332(a)," *Wexler v. United Air Lines, Inc.*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007) (citation omitted)—an amount in controversy in excess of $75,000 was readily apparent from plaintiff's complaint. Accordingly, because the removal was untimely, plaintiff's motion to remand is GRANTED. However, because the Court is not prepared to conclude, based on the record, that the defendants lacked an objectively reasonable basis for removing this action, plaintiff's request for sanctions is DENIED.

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion to Remand [#7] is GRANTED. It is further

**ORDERED** that the above-captioned action be remanded to the Superior Court of the District of Columbia.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

2